Francisco Caraballo, lesionado y apelante; Hill Brothers, patrono, y Fondo del Estado, asegurador y apelado.

Núm. 25.—*Sometido:* Diciembre 29, 1937. *Resuelto:* Mayo 13, 1938.

194

R. *Soltero Peralta,* abogado del apelante; *Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar,* y *Luis Negrón Fernández,* abogados del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En este recurso, interpuesto por el obrero lesionado, se solicita la revisión de una resolución de la Comisión Industrial. Los hechos, tal como fueron expuestos por la Comisión, son los siguientes:

El obrero Francisco Caraballo trabajaba en el corte de caña para el patrono Hill Bros. y estando en dicho trabajo, allá para el 21 de marzo de 1937, recibió una herida incisa de machete que le infirió en la mano derecha Tomás Rivera, también trabajador de Hill Bros., y quien estaba encargado de servirle el agua a los peones del corte de caña, entre los cuales se encontraba el lesionado. Tomás Rivera fué a buscar el agua para repartirle a los trabajadores; y al presentarse como a las ocho y media o nueve de la mañana en el sitio del trabajo, el lesionado Francisco Caraballo se le acercó pidiéndole le diera agua. Tomás Rivera se negó a dársela y lo empujó para impedirle que la tomara. Cuando Caraballo insistió para que le diera el agua, Rivera trató de empujarlo nuevamente, y en un momento, al hacer Caraballo un movimiento para defenderse, tocó a Rivera con el machete en una de sus manos, ocasionándole una incisión en la piel.

Rivera no tenía entonces machete en sus manos, pero al acercarse en esos momentos el capataz Antero Torres con el propósito de terminar el conflicto, Rivera le arrebató al capataz el machete que portaba y éste, viéndose desarmado, los amonestó para que se fueran a sus labores so pena de quedar destituídos del trabajo. Francisco Caraballo, después de haber tomado el agua por sus propias manos, se fué a su trabajo en dirección al sitio en donde había estado cortando caña; y en el momento de empezar nuevamente el trabajo, Tomás Rivera se le acercó por la espalda con el machete que aún portaba, y le asestó un machetazo en la mano derecha, ocasionándole una herida de gravedad de la cual estuvo tratándose en la Clínica Industrial.

La cuestión envuelta es al efecto de si este accidente es compensable. El artículo 2 de la Ley de Compensaciones por Accidentes del Trabajo (núm. 45 de 1935, pág. 251), dispone lo siguiente:

"Las disposiciones de esta Ley serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el párrafo siguiente, que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muerte derivadas de la ocupación, según se especifican en el artículo siguiente. Se exceptúan expresamente aquellos obreros y empleados dedicados al servicio doméstico y aquéllos cuya labor sea de carácter accidental o casual y no esté comprendida dentro del negocio, industria, profesión u ocupación de su patrono y además aquellas personas que trabajen en sus domicilios."

El artículo 4 lee de la manera siguiente:

"No son accidentes compensables del trabajo y no darán por consiguiente derecho a compensación al obrero, empleado o a sus beneficiarios de acuerdo con esta Ley, los que ocurren en las siguientes circunstancias:

". . . . . . . . . .

"3. Cuando la lesión le haya sido causada al obrero o empleado por el acto criminal de una tercera persona."

El obrero recurrente, en apoyo de su contención de que el accidente es compensable, cita el caso de *Montaner* v. *Comisión*, 50 D.P.R. 628, en el que resolvimos que el inciso 3 del artículo 4, supra, no es aplicable a "aquellos casos en que el obrero se incapacita, lesiona o muere en el desempeño de un trabajo o empleo cuya característica distintiva es la de exponer al que lo realiza a la posibilidad y probabilidad de ser lesionado por el acto criminal de un tercero." No creemos que la doctrina sentada en dicho caso pueda ser invocada como autoridad para la resolución del caso de autos. Los hechos en uno y en otro caso son tan distintos, que no es posible que ambos puedan ser resueltos por la misma regla.

En *Montaner* v. *Comisión*, supra, el obrero lesionado era un celador de las fincas de su patrono y tenía entre otras obligaciones la de impedir que se robasen la piedra de la cantera que había en una de las fincas. En el curso de su empleo y en el cumplimiento de las funciones inherentes a su cargo de celador, vióse obligado dicho celador a echar de la finca a un individuo a quien había sorprendido en el acto de sustraer piedra de la cantera, siendo atacado por dicho individuo y resultando mutilada una de sus manos. Y al aplicar la ley a los hechos del caso, dijimos:

". . . El acto de echar fuera de la finca a Santiago Ruiz, que en aquellos momentos era un intruso, era un 'acto o función inherente' al trabajo o empleo que desempeñaba Monge; y el accidente en que éste perdió su mano ocurrió en el curso de ese empleo y como consecuencia del mismo. No creemos que la intención del legislador haya sido la de excluir de los beneficios de la ley a aquellos obreros, que estando encargados de impedir la realización de actos criminales contra la propiedad del patrono, sean lesionados o pierdan la vida como consecuencia del cumplimiento de esos deberes."

Y añadimos:

"La excepción que establece el apartado 3º. del Artículo 4, supra, se refiere a las lesiones recibidas por el acto criminal de un tercero, en un trabajo o empleo en que tal riesgo no es la natural y probable consecuencia, o en uno en que ese riesgo no sea una característica inherente del mismo."

La situación que nos presenta el caso de autos es completamente distinta a la del caso de *Montaner* v. *Comisión*, supra. Al tratar de tomar el agua en contra de la negativa del aguador, Francisco Caraballo no estaba realizando un acto o función inherente a su empleo. El accidente en que recibió la lesión no provino de actos o funciones relacionados con el empleo de cortador de cañas, ni fué consecuencia directa de tal empleo. Surgió el accidente de una cuestión personal provocada por el mismo lesionado recurrente al tratar de vencer la resistencia del aguador y al herir a éste con su machete. El trabajo de cortar cañas no tiene como característica distintiva la de exponer al que lo realiza a la posibilidad y probabilidad de ser lesionado por el acto criminal de un tercero.

No erró la Comisión Industrial al resolver que el accidente no es compensable por estar comprendido dentro de la excepción que establece el apartado 3ro. del artículo 4 de la Ley de Compensaciones por Accidentes del Trabajo.

*La resolución recurrida debe ser confirmada.*